UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00074-LRH-CLB-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DONALD ANTHONY OLIVER | |
| Defendant. | |

Defendant Donald Oliver ("Oliver") moves for compassionate release (ECF Nos. 39, 42) under 18 U.S.C. § 3582, which the Government does not oppose (ECF No. 44). For the reasons contained within this Order, the Court denies Oliver's motion.

**I.    BACKGROUND**

On June 6, 2018, Oliver was arrested in a casino for carrying a concealed firearm on his person, and possessing baggies containing heroin, cocaine, and methamphetamine. Oliver was eventually indicted for both being a felon in possession of a firearm and possession with intent to distribute a controlled substance. ECF Nos. 1, 3. On May 21, 2019, Oliver pleaded guilty to possession of a firearm in furtherance of a drug trafficking offense. ECF Nos. 26, 28. Oliver was sentenced to 72 months in prison following his conviction. Oliver is currently 61 years of age and has about three years left of his six-year sentence, with a projected release date of December 27, 2023.

On December 11, 2020, while serving his sentence at Victorville Medium I FCI, Oliver filed a motion for compassionate release. Oliver asserts that his medical conditions and the current number of COVID-19 infections at Victorville present extraordinary and compelling reasons for his release. ECF No. 39. Oliver suffers from various medical conditions, but most relevant to this

Order, he suffers from chronic obstructive pulmonary disorder ("COPD"), and chronic kidney disease, both of which are known risk factors for complications from COVID-19 as confirmed by the CDC.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. Oliver contends—and the government concedes—that the thirty-day requirement has been met in this instance. After reviewing the various filings, the Court agrees.

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1)   (A) extraordinary and compelling reasons warrant the reduction; or
>
>        (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

///

///

2

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

The Court, in ruling upon a motion for compassionate release, may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." In addition to this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) to the extent that they are applicable and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

**III.   DISCUSSION**

The Court has reviewed the entirety of Oliver's prison medical records and agrees that Oliver faces a heightened risk of complications stemming from a possible COVID-19 diagnosis. Among other things, Oliver suffers from COPD, which, according to the CDC is "a group of diseases that cause airflow blockage and breathing-related problems," and "is known to increase your risk of severe illness from COVID-19."[1] Oliver also suffers from chronic kidney disease which further "increases your risk for severe illness from COVID-19."[2] These medical conditions appear to cause some of the worst outcomes for individuals if infected with COVID-19. Additionally, despite Oliver's medical conditions and this Court's recommendation at sentencing, BOP has not placed Oliver in a medical facility for the duration of his seventy-two-month sentence.

Instead, Oliver is serving his seventy-two-month prison sentence at Victorville Medium I FCI. Currently, Victorville appears to have active cases of COVID-19 within the inmate population.[3] The BOP reports that there are 993 inmates at Victorville Medium I. Of those 993 inmates, 45 are reportedly suffering from the COVID-19 virus. The Court recognizes that Victorville Medium I follows BOP required procedures necessary to control the spread of the virus.

---

[1] CDC, *People with Certain Medical Conditions* (Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#copd.
[2] *Id.*
[3] Bur. of Prisons, *COVID-19*, https://www.bop.gov/coronavirus/ (last visited Jan. 26, 2021).

3

Still, the steps taken by BOP have not significantly reduced the spread of COVID-19 at Victorville when compared to other facilities.

That said, promises of a vaccine are encouraging. It appears that the COVID-19 vaccine will be administered to all federal inmates following a "tiered" prioritization schedule like that of the general population. Specifically, an individual such as Oliver—who is 61 years of age and suffering from both COPD and chronic kidney disease—is considered "Priority Level 2." After correctional staff receive their vaccines, Oliver should be next in line. According to the CDC, as of January 15, 2021, the BOP leads all jurisdictions and Federal entities in its vaccination utilization.[4] Specifically, the BOP has administered 97 percent of all vaccine doses it has received. This is quite significant as it bucks the trend of underutilization of vaccine doses currently seen across the United States. The Court expects that inmates like Oliver will receive the vaccine in the coming weeks.

Issues of the vaccine aside, the Court must also weigh whether a modified sentence is warranted under the § 3353(a) factors, including whether Oliver poses a danger to the community. As reflected in his Presentence Report, Oliver has an extensive criminal history tied to drugs, and despite his age, this criminal conduct has largely gone undeterred over his lifetime. For example, between the year 1992 and his current sentence, Oliver has been convicted thirteen times for drug-related offenses; six of which were after the age of fifty.

Moreover, the conduct that gave rise to Oliver's current conviction and sentence are especially concerning. Oliver was found in a casino carrying a loaded concealed semi-automatic firearm, three plastic baggies of heroin, cocaine, and methamphetamine, a digital scale and $1,036 in cash. Drug trafficking causes serious harm to communities. This is especially evident in Nevada where the two largest counties have been identified as "High Intensity Drug Trafficking Areas."[5] The Court acknowledges that Oliver has completed a substance abuse treatment program while incarcerated but is still very concerned that Oliver will return to drugs and drug dealing once released.

---

[4] Bur. of Prisons, *COVID-19 Vaccination Efforts Commended* (Jan. 16, 2021), https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp
[5] DEA, *HIDTA*, https://www.dea.gov/divisions/hidta (last visited Jan. 25, 2021).

Of further concern to the Court is Oliver's apparent lack of supportive family, lack of assets and finance, and an unsettled employment history. He has existing medical issues, appears likely to be homeless at some time following release, and likely to be exposed to a greater COVID threat than he faces in prison.

With these considerations in mind, the Court will deny modifying Oliver's current sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court does not make this decision lightly: Oliver's medical conditions are worrisome in the ongoing coronavirus pandemic. However, on balance, these considerations are outweighed by Oliver's history of criminal conduct and the promise of the COVID-19 vaccine within the prison system. The Court finds that his current sentence reflects the seriousness of his crimes, promotes respect for the law, provides adequate punishment for his crimes, and adequately deters this conduct.

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that Oliver's Motion for Compassionate Release (ECF No. 39) is **DENIED.**

IT IS SO ORDERED.

DATED this 28th day of January, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE